## D. A. RICHARDS, APPELLANT, *v.* A. W. NYE, RESPONDENT.

SHERIFF—DUTY OF, IN LEVYING UNDER EXECUTION.—A sheriff has no right to be wiser than his process. What he is in due form commanded to do, he is to do, and will be protected in doing. He cannot refuse to return or execute process, and thus drive the parties to legal proceedings to determine the legality of the judgment under which the execution issued.

IDEM—CONDITIONAL PAYMENT BY DEBTOR.—When a sheriff receives money from a judgment debtor, and agrees with such debtor to apply it on the execution, provided such execution be just and legal, otherwise to return it, he is not bound to do more than allow to such debtor the full time which the execution has to run, to determine the legality of the execution. Thereafter, the sheriff may apply such money on the execution.

APPEAL from Umatilla County.

In August, 1872, an execution issued out of the Circuit Court for Umatilla County, on a judgment in favor of one C. O. Fanning, and against the appellant, D. A. Richards, for four hundred and eighty dollars. This execution was placed in the hands of A. W. Nye, who was sheriff of said county, who made levy thereunder on the 4th of September, 1872, of property belonging to Richards. Richards, so it is alleged in the complaint, for the purpose of regaining possession of the property levied upon, and to prevent further levy, gave to Nye, the said sheriff, four hundred and fifty dollars, and took therefor the following receipt:

"September 4, 1872.

"Received of D. A. Richards, four hundred and fifty dollars ($450) in greenbacks, in lieu of other personal property, to be applied on a certain execution issued out of the Circuit Court of the State of Oregon, county of Umatilla, in favor of C. O. Fanning and against D. A. Richards, to the amount of $544, provided said execution be just and legal, otherwise to be refunded to the said D. A. Richards.

"A. W. NYE,
"Sheriff."

The judgment upon which the execution issued had been entered by the clerk, in vacation, upon the report of a referee, in pursuance of a stipulation of the parties that

such report, when made, should be entered as a judgment of the court. On the 1st of February, 1873, the said decision or report of the referee, and all proceedings thereunder, were set aside by a decree of the Circuit Court. Nye paid the four hundred and fifty dollars, for which the above receipt was given, to Fanning, the plaintiff on the execution. This action was brought by Richards to recover back the said sum of four hundred and fifty dollars, under Nye's written agreement to pay it back, if the execution in question should not be just and legal. Demand for such repayment was made November 13, 1872. Upon the trial, the court instructed the jury that if they found that defendant Nye had "returned the execution, upon which the money in question was paid, to the clerk, together with the money made thereon, the jury must find for the defendant, he not being liable to repay the same."

The jury found for the defendant, and he had judgment accordingly, from which this appeal is taken.

*W. W. Thayer and L. Everts*, for Appellants.

*Jas. H. Slater*, for Respondent.

By the Court, SHATTUCK, J.:

The position taken by appellants in this case assumes that Nye, holding the execution described in the record, and the money of the debtor turned out to be applied upon it, owed no duty to the plaintiff Fanning, and that he was at liberty to enter into a contract to disobey the mandate of the writ.

The authorities cited to sustain this position hold, that while a sheriff is unquestionably protected in the execution of a process, regular and valid on its face, although there be, in fact, no valid judgment to support it, he may at the same time be held harmless if he neglects to execute a process, apparently valid and regular, if the fact be that the process was void because of the judgment being void. (16 Wend. 562; 7 Hill, 35; 2 Denio, 643; 1 Hill, 118.)

These authorities are cases where attempt has been made

to hold an officer liable for refusing to execute a process based upon a void judgment, and they sustain the position. But these authorities lend no countenance to the position that a sheriff may, on his own motion, question the validity of the judgment recited in his process, and constitute himself the judge in the first instance of the propriety of executing a regular process.

This case, it is to be noticed, is distinguished from those cited in this: In those cases cited, the action was for *not executing* the process; in this case, the complaint is that the officer *did* execute the process.

The writing offered, as the basis of this action, and the evidence appearing in the bill of exceptions, show that the respondent received this money as and instead of a levy on the personal property of the debtor, and that he held the money under the sanction of official duty, and not as a mere bailee of Richards.

It is claimed by the appellant that the clause in the writing, " to be applied on a certain execution, * * * provided said execution be just and legal, otherwise to be refunded to said D. A. Richards," should be held as an agreement and unconditional obligation, on the part of Nye, to determine, or cause to be determined, whether this execution, valid as it was on its face, was sustained by a valid judgment. This amounts to holding that Nye, inasmuch as the judgment of the court, in a proper case, could alone finally be a determination of the matter, undertook, by this agreement, to institute and carry on, or, as a defendant, to be subjected to tedious and perhaps expensive litigation, to settle the matter, whether or not said execution be just and legal. If this agreement is to be so construed, then we think it ought to be held void for want of consideration, there being no indemnity provided for the expense of such litigation, and also, because it is contrary to public policy. A sheriff has no right to be wiser than his process; what he is in due form commanded to do, he is to do, and will be protected in doing. To allow that Nye, under the agreement, might have refused to return his process, or to execute it, and, by his own refusal, have driven the parties to

an action or suit to determine the question, would be to hold that executions are not the end of the law, but that, on the contrary, sheriffs are at liberty to make them the occasion of suit upon suit, and of delay upon delay.

We think that the most that can be allowed for this agreement, under any circumstances, is a promise, on the part of Nye, to take the full time the execution had to run for its final execution, instead of returning and paying over the money to the clerk immediately, as he had a right to do. By such a delay, entirely justifiable according to the terms of the process, Richards would have opportunity to institute proper proceedings to judicially determine whether "said execution be just and legal." As far as Nye was concerned, it appeared to be, and was, just and legal, and would so continue till the contrary was adjudged by the proper tribunal.

The return day of the execution came; no proceedings to avoid the execution had been instituted by any one; no demand had been made by Richards for the money, and, as to Nye, the question was decided by the process itself that the execution was just and legal; he obeyed its mandate, and conformed also to the agreement with Richards—the execution, by these circumstances, being properly deemed just and legal, he applied the money upon it. He should be deemed to have done his duty, and although the judgment may have been void—may since have been adjudged so, and set aside—the remedy of the appellant is not against Nye, but is against Fanning, the plaintiff, who received the money made on the writ.

The judgment should be affirmed.