(January 10, 1898.)

## WORK BROTHERS v. KINNEY, Sheriff.

### [51 Pac. 745.]

ATTACHMENT—DERELICTION OF SHERIFF.—In an action by an attaching creditor against the sheriff and his sureties upon his bond, it appears that the sheriff attached upward of $6,000 of property of the debtor (the claim of the attaching creditors being some $1,600), that the sheriff disposed of the property attached, made no return upon his process, nor ever accounted to the creditor for any of the proceeds of the sale of the property. *Held,* that, upon such showing plaintiffs were entitled to judgment.

PERISHABLE PROPERTY—HOW TO BE DETERMINED AND HOW SOLD.—A sheriff has no right to assume to sell attached property as perishable without an order of the court, which order must be predicated upon a sworn statement by the sheriff showing the character of the property claimed to be perishable, and the amount thereof.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Selden B. Kingsbury, for Appellant, cites no authorities on the matters decided by the court.

P. M. Bruner and N. M. Ruick, for Respondents, file no brief.

HUSTON, J.—This is an appeal from an order of the district court of the county of Blaine overruling a motion for a new trial. The facts, as they appear from the record, are substantially as follows: The plaintiffs, creditors of one Warren P. Calahan, instituted suit against said debtor, wherein they caused to be issued a writ of attachment against the property of the debtor, which attachment was levied upon a stock of general merchandise being in the possession of and belonging to said debtor. At the time of the levying of said attachment there existed a chattel mortgage upon said stock of merchandise for about $——. This mortgage was foreclosed, and a sufficient amount of the said property sold to satisfy the same. After the satisfaction of said chattel mortgage there still remained· in the hands of the sheriff, under and subject to said attachment of plaintiffs, upward of $6,000 of goods, wares and merchandise. The claim of plaintiffs was for $1,685 and interest. Subsequent to the levy of the attachment of plaintiffs various other attachments were levied by creditors of said Calahan upon the same property. The sheriff proceeded to dispose of the property, exactly how or when or where does not appear from the record, as the sheriff never made any return upon any process, either attachment, execution, order or other process. Confining ourselves to what appears in the record we must conclude that the sheriff assumed the position and functions of an administrator *de bonis non* of the estate of the debtor, without regarding the preliminary restraints usually pertaining to that office, and distributed the assets thereof "to suit his own sweet will." It seems he (the sheriff) assumed that said stock of general merchandise, consisting of drygoods, crockery, boots and shoes, groceries, can goods, etc., were perishable, and, upon that presumption, proceeded, without application to or order from the court permitting or directing him so to do, to sell and dispose of the same; and the district court instructed the jury that the sheriff was authorized to so act. We know of no rule of law that recognizes or justifies such a course. It is not found in the statutes of Idaho or recognized by any practice we ever heard of; and the results in this case can be scarcely considered an evidence of the utility of the heretofore unheard-of rule.

Under the "perishable" rule laid down in this case, the record shows that upward of $6,000 of property, which the evidence shows to have been all in good condition and merchantable, went into the insatiable maw of the sheriff; and not only were the creditors not the recipients of a single dollar, but were even deprived of the consolation of an obituary notice of their departed hopes by a return upon their process. The following instructions were given by the court to the jury: "The jury are instructed that the failure of the sheriff to make a return of the writ of attachment or execution is not, of itself, sufficient to entitle to damages, but there must be proof of actual damages. The jury are instructed that no order of sale is necessary to enable the sheriff to sell perishable property, and, if the jury believes that the property attached in the case of Work Brothers against Warren P. Calahan, was perishable, then he might sell it at such time as would bring the best results, after posting written notice of the time and place of sale in three public places of the precinct or city where the sale is to take place, for such time as may be reasonable, considering the character and condition of the property. Then the proceeds of such sale should be held to await the final order of the court in the case in which such attachment is issued. Otherwise, you should find for the plaintiff; that is, if such notices were not posted. The jury are instructed that, if they should find from the evidence that the property was perishable, then that the sheriff might have sold it at once after the proper notice; and the jury are further instructed that the word 'perishable' ordinarily means subject to speedy and natural decay, but, when the time contemplated is necessarily long, the term may embrace property liable to material depreciation in value from other causes than such decay. The jury are instructed that if they find that the defendant Kinney wrongfully converted the goods attached in the case of Work Brothers v. Warren P. Calahan, then the defendants are liable for the actual value of such goods at the time of such conversion, and not for any price or value that might have been placed upon them in some inventory at a time previous, and then the defendants are entitled to be credited with such payments as may have been made by plaintiff or their attorneys."

Under such a construction of the law, it is not at all surprising that the assets of the debtor "perished" in the hands of the sheriff, and that from $6,000 of property the creditors received not one dollar, presumably because the property perished "from causes other than such decay." A sheriff levies upon a stock of general merchandise of the admitted value of over $6,000; he disposes of the same under his process; makes no return of his action or proceedings under process; appropriates the entire proceeds to his own use; and his action is recognized by the court. The order of the district court overruling the motion for a new trial is reversed, and the cause remanded; costs to appellant.

Sullivan, C. J., and Quarles, J., concur.