EDWARD C. CRAIG

*v.*

THE CITY OF CHARLESTON.

*Opinion filed June 17, 1899.*

1. MUNICIPAL CORPORATIONS—*city is not liable for torts of special policeman.* A city is not liable for injuries received by a citizen from an unjustifiable assault upon him by a special policeman appointed by the mayor to keep a street free from obstructions, even though it is charged that the mayor knew, or should have known, the violent temper and vicious disposition of his appointee.

2. SAME—*special policeman in control of street is not an obstruction.* A special policeman placed in charge of a street cannot be regarded as a nuisance or obstruction in the street, within the meaning of the rule requiring a city to keep its streets free from obstructions.

*Craig* v. *City of Charleston,* 78 Ill. App. 312, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Coles county; the Hon. H. VANSELLAR, Judge, presiding.

JAMES W. CRAIG, for appellant.

W. E. ADAMS, and NEAL & WILEY, for appellee.

Per CURIAM: In affirming the judgment of the circuit court for costs and sustaining the demurrer to the plaintiff's declaration the following opinion, delivered by Mr. Justice HARKER, was rendered by the Appellate Court:

"The sufficiency of the declaration is the only question for our consideration. Stripped of their surplusage the material averments of fact are, that the city of Charleston, on an occasion when a large crowd of people had congregated in the city, appointed one John Apgar as an officer to prevent the obstruction of the streets by vehicles or otherwise, and placed him in control of one of the streets; that Apgar was a dangerous and violent man and possessed an ungovernable temper and vicious disposition, which facts were known, or by the exercise of reasonable diligence could have been known, to the appointing officer; that Apgar, while in charge of the street and under pretense of discharging his duty, made a brutal and unjustifiable assault upon the plaintiff with a stick, whereby the plaintiff lost one of his eyes and was otherwise injured.

"The duties devolving upon Apgar by virtue of his appointment were police duties. He was what is sometimes aptly termed a 'special policeman,' authorized to perform certain specific acts. It is a familiar rule of law, supported by a long line of well considered cases, that a city, in the performance of its police regulations, cannot commit a wrong through its officers in such a way as to render it liable for tort.

"It is contended, however, that appellant does not base his right of recovery against the city upon the wrongful act of Apgar, merely, but upon the wrongful act of the mayor in appointing such a man as Apgar, when he knew, or should have known, of his dangerous and vicious char-

acter. The same principle which absolves the city from liability for Apgar's tortious act applies to the act of the mayor. The mayor was simply exercising a discretion vested in him by virtue of his office and the laws of the State. If the appointment was a wrongful act, which resulted in injury to the appellant, the burdens of liability cannot be cast upon the inhabitants and tax-payers of the city. A municipal corporation, while simply exercising its police powers, is not liable for the acts of its officers in the violation of the laws of the State and in excess of the legal powers of the city. Dillon on Mun. Corp. secs. 950, 968; *Town of Odell* v. *Schroeder,* 58 Ill. 353; *City of Chicago* v. *Turner,* 80 id. 419; *Wilcox* v. *City of Chicago,* 107 id. 334; *Blake* v. *City of Pontiac,* 49 Ill. App. 543.

"Appellant further contends that the placing of Apgar in the street and in control of it was the creation of a nuisance, upon which ground it is liable,—in fact, his chief contention is that he became thereby an obstruction in the street,—and cites a long list of authorities in support of the proposition that it is the duty of a city to keep its streets free from obstructions, and a failure in that regard will render it liable for injuries caused thereby. We cannot regard a human being in the exercise of police powers as an obstruction, in the sense contemplated by the unquestioned doctrine announced by those cases.

"We think the court properly sustained the demurrer to the declaration."

After a careful consideration of the case we have reached the same conclusion as that arrived at by the courts below, and, concurring in the views of the Appellate Court, we see no necessity for another opinion on this appeal, but adopt the one above set out as the opinion of this court in the case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*