(December 29, 1900.)

## WORK BROS. v. KINNEY, Sheriff.

[63 Pac. 596.]

Answer—Denials—Matters of Record.—The denial of matters of record, which are within the reach of the defendant, based upon want of knowledge, while not sufficient, will be so treated upon appeal, when it appears that the plaintiffs treated such denials as sufficient on the trial.

Waiving Defective Pleadings—Peremptory Instructions.—Where plaintiffs' evidence is sufficient to authorize a verdict for the plaintiff, and the defendant introduces none, the trial court should direct, peremptorily, the jury to find for the plaintiffs.

SETTING ASIDE VERDICT—NEW TRIAL.—An order denying a new trial
will be reversed upon appeal where the evidence is uncontradicted
and sufficient to warrant a verdict in favor of the plaintiff and
the jury, nevertheless, find for defendant.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Selden B. Kingsbury and George M. Parsons, for Appellants.

Where the evidence can support only one verdict the court
will direct it. (*Coffin v. Hutchinson,* 22 Or. 554, 30 Pac. 424.)
It is proper for the court to direct a verdict in all cases where
there is no disputed question of fact to be submitted to the
jury. (*Gwinn v. Gwinn,* 5 Idaho, 271, 48 Pac. 302; *Arimjo v.
New Mexico T. Co.,* 3 N. Mex. 244, 5 Pac. 709.)   Where there is
no conflict in the evidence the court may properly direct a verdict.
(*Martin v. Ward,* 69 Cal. 129, 10 Pac. 276; *McCormick v.
Holmes,* 41 Kan. 265, 21 Pac. 108; *Clancy v. Reis,* 5 Wash. St.
371, 31 Pac. 971; *Candelaria v. Atchison etc. R. Co.,* 6 N. Mex.
266, 27 Pac. 497, 501; *Gildersleeve v. Atkinson,* 6 N. Mex. 250,
27 Pac. 477, 481; *Commissioners etc. v. Clark,* 94 U. S. 278,
24 L. ed. 59; *Corning v. Troy Factory,* 44 N. Y. 577; *Nicholls
v. Goldsmith,* 7 Wend. 160; *Grand Trunk Ry. Co. v. Nichol,*
18 Mich. 170; *Story v. Breman,* 15 N. Y. 524; *Stuart v. Simp-
son,* 1 Wend. 376; *Alger v. Gardner,* 54 N. Y. 360; *Insurance
Co. v. Baring,* 20 Wall. 159, 22 L. ed. 250.)   The supreme
court reversing a judgment may render such judgment as the
court below should have rendered.   (3 Am. Digest, Century
ed., 2525; *Gahan v. Neville,* 2 Cal. 81; *Bryan v. Mead,* 1 Cal.
441; *Bedleman v. Kewen,* 2 Cal. 248; *Rothe v. Real,* 50 Fed.
860; *Gilman v. Ferguson,* 28 Iowa, 422; *Haegels v. Mallinck-
rodt,* 3 Mo. App. 329; *Berkley v. Newcomb,* 24 N. H. 389.)

R. F. Buller, for Respondent Burns.

A trial court will not reverse on the evidence when it does
not appear that all of the evidence is in the bill of exceptions.
(*France v. First Nat. Bank,* 3 Wyo. 187, 18 Pac. 748.)   The
jury virtually found that the attachment was sued out without
any bond having been filed.   Such being the fact the attach-

ment was void and could not form the basis of any subsequent proceedings. (*Murphy v. Montandon,* 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851; *Herman v. Brinkerhoff,* 1 Denio, 184; *Tibbett v. Tom Sue,* 122 Cal. 206, 209, 54 Pac. 741; *Winters v. Pearson,* 72 Cal. 553, 14 Pac. 304; *Tacoma Gro. Co. v. Draham,* 8 Wash. 263, 36 Pac. 31, 40 Am. St. Rep. 907; *Vollmer v. Spencer,* 5 Idaho, 557, 51 Pac. 609; *First National Bank v. Sonnelitner,* 6 Idaho, 21, 51 Pac. 993; Rev. Stats., secs. 4303, 4304.) Evidence of what a witness testified to on a former trial is inadmissible without showing an ineffectual effort to obtain his presence or deposition. (*Provo City v. Shurtliff,* 4 Utah, 15, 5 Pac. 302.) It is the exclusive province of the jury to decide on the credibility of witnesses. (*People v. Messersmith,* 61 Cal. 246; *Wing Chung v. Los Angeles,* 47 Cal. 531; *Kauffman v. Maier,* 94 Cal. 269, 29 Pac. 481.) The jury are the exclusive judges of the facts. (*Cahoon v. Marshall,* 25 Cal. 197.) Where the instructions, taken as a whole, fairly present the law of the case, the judgment will not be reversed. (*Murray v. White,* 82 Cal. 119, 23 Pac. 35.) Where personal property is attached, the lien may be lost by unreasonable delay on the part of the attaching creditor. (*Ensworth v. King,* 5 Mo. 577; *Snell v. Allen,* 1 Swan, 208; *Suydam v. Huggeford,* 23 Pick. 465.)

QUARLES, J.—This action was commenced by the appellants against the respondents to recover damages against the respondent Kinney upon his official bond as sheriff of Alturas county, the other respondents being sureties of said sheriff upon said official band. The case was tried before the court and a jury, and a verdict rendered in favor of the respondents. The appellants moved for a new trial, which was denied, and they appeal to this court from the order denying them a new trial.

The facts alleged in the complaint are, briefly stated, as follows: February 9, 1888, appellants commenced an action against one Callahan to recover a debt amounting then, as alleged, to $1,685.85, and caused a writ of attachment to issue therein, which was placed in the hands of said Kinney, as

sheriff of said county, who, under said writ, seized a stock of general merchandise, the property of said Callahan, subject, however, to a certain chattel mortgage upon the said stock of merchandise, valued at $13,000 or more. A portion of said merchandise was sold to satisfy said mortgage, and the remainder thereof inventoried at the sum of $6,531.77. The writ of attachment was not returned by said sheriff until October 18, 1889, when the following return was made thereon, to wit:

"Sheriff's Office,        }
County of Alturas,        } ss.

"I, P. H. Kinney, sheriff of the county of Alturas, do hereby certify that under and by virtue of the hereunto annexed writ of attachment, by me received on the ninth day of February, 1888, at 11:30 o'clock A. M., I did, on the ninth day of February, 1888, attach the following described personal property in the possession of Warren P. Callahan, viz., all of his stock, consisting of general merchandise, drygoods, clothing, groceries, and fixtures in the building known as 'Callahan's Store,' in the town Broadford, county of Alturas, territory of Idaho; which writ of attachment was the first attachment levied by me upon said property, and attached the same by taking it into my custody and putting a keeper in charge.

(Signed)        "P. H. KINNEY,

"Sheriff of Alturas County.

"By P. H. McPHEE,

"Deputy Sheriff."

The said return was dated February 9, 1888, but not filed in the office of the clerk of the district court until October 18, 1889. On October 4, 1889, the appellants, having secured a judgment against said Callahan for the sum of $1,618 and costs, sued out a writ of execution thereon in said attachment suit, and placed the same in the hands of the said Kinney as sheriff, who, on the eighteenth day of October, 1889, returned said execution indorsed, "Nothing made on this execution." The facts pleaded in the complaint, with the exception of the partnership between the plain-

tiffs, are matter of record in the district court of Blaine, formerly Alturas county, yet, strange to say, the denials are not based on knowledge, but upon want of knowledge. This is not good pleading, and such denials of matter of record within the reach of the defendants is insufficient. But the plaintiffs treated said denials as sufficient, and treated the allegations of the complaint as having been denied, and, under the rule laid down in *Toulouse v. Burkett,* 2 Idaho, 288, 13 Pac. 172, we will regard the answer as denying the allegations of the complaint.

The cause came on for trial, and the parties admitted before the jury that the plaintiffs were and are partners; that the defendant Kinney was, during the time mentioned in the complaint, sheriff of Alturas county. The judgment-roll in said cause of Work Bros. against said Callahan and said execution were offered and received in evidence. Then plaintiff offered in evidence the said writ of attachment, which was received with the return thereto as hereinbefore given. Then plaintiffs produced witnesses who testified, in effect, that the stock of goods attached as aforesaid was of the value of about $13,000, and that, after satisfying said chattel mortgage, the goods attached were appraised or invoiced by the sheriff at the sum of $6,531.77. Plaintiffs introduced S. B. Kingsbury as a witness, who, among other things, testified that the defendant Kinney told him that he (Kinney) had sold the goods that were attached, and had the money to pay plaintiffs' debt when they got their judgment, and that the witness frequently urged said Kinney to pay the debt. The affidavit of attachment in the original suit and the undertaking therein were in the usual form. The undertaking for attachment was proven to have been lost. The official bond of said sheriff was introduced and received in evidence, and was in the usual form, executed by the defendant Kinney as principal and by the other defendants and others as sureties. The defendants introduced no evidence whatever, and the court instructed the jury, which brought in a verdict in favor of the defendants. This verdict was unauthorized, contrary to the evidence, and the trial court should have set it aside without motion. The trial court should have

directed a verdict in favor of plaintiffs, as requested by the plaintiffs. There was no conflict in the evidence, and the evidence was sufficient to justify a verdict for the plaintiffs. The evidence showed a breach of official duty on the part of the said sheriff; showed that he, under a writ of attachment, seized goods of the attachment defendant of the value of three times the amount of plaintiffs' debt; that plaintiffs had a first lien upon merchandise of the value of over $6,000 to secure about $1,600; that said Kinney, as sheriff, refused to account for said goods, or to pay the value thereof, and more, that he and his duly appointed deputy, McPhee, without authority, sold the said chattels which he had lawfully seized under and by virtue of the said writ of attachment, and refused to pay any part of the plaintiffs' debt. The return upon the writ of attachment was sufficient to bind the sheriff, unless he could show the loss of the attached chattels, and that such loss was not on account of his or his said deputy's negligence. Under sections 401 and 402 of the Revised Statutes, the sureties of the said sheriff were liable, and we are unable to see why this verdict was permitted to stand in the trial court. This is the second time that this cause has come into this court on appeal. (See *Work v. Kinney*, 5 Idaho, 716, 51 Pac. 745.) To prevent further litigation, we feel it our duty to reverse the order denying the plaintiffs a new trial, and to remand the case to the district court, with instructions to set aside the verdict, and to enter judgment in favor of the plaintiffs for the amount of their judgment obtained against said Callahan, $1,618, with interest thereon from October 2, 1889, at the rate of ten per centum per annum, less the sum of $344.10, paid thereon by said defendant Kinney December 17, 1889, as shown by the evidence, and costs of this suit against the defendants to this cause who are before the court; and it is so ordered. Costs of this appeal awarded to appellants.

Huston, C. J., and Sullivan, J., concur.