EGLESTON v. SCHEIBEL et al.

(Supreme Court, Appellate Division, Second Department.   June 15, 1906.)

1. FALSE IMPRISONMENT—COMMENCEMENT.
    False imprisonment begins at the arrest.
    [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. False Imprisonment, §§ 1–4.]
2. SAME—WHAT CONSTITUTES.
    As respects false imprisonment, any physical detention is imprisonment.
    [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. False Imprisonment, §§ 1–4.]
3. SAME—CONSPIRACY.
    An allegation in a complaint in an action for false imprisonment against joint defendants that the acts of the defendants were willful and concerted, etc., did not make the action one for a conspiracy; it not being necessary to make out a conspiracy to maintain it.
4. SAME—JOINT DEFENDANTS—LIABILITY.
    In an action for false imprisonment against joint defendants, it was not necessary that all such defendants should have been present at the commencement of the false imprisonment—that is, at the arrest—as by afterwards joining in the unlawful imprisonment those not present at the beginning became liable for the whole trespass ab initio.
5. SAME—PARTIES—JOINDER.
    Where, subsequent to an arrest, others joined in the unlawful imprisonment of plaintiff, plaintiff was not obliged to bring a separate action against each wrongdoer, making him liable only from the time and place of his participation.
6. SAME—PLEADINGS—COMPLAINT—SUFFICIENCY.
    A complaint in an action for false imprisonment, alleging plaintiff's unlawful arrest by one of defendants, his subsequent imprisonment and detention in the station house by other defendants, and that another defendant, a sergeant of police, took plaintiff out of his cell to another room

next morning and abused him (not stating how), and then remanded him to his cell, was insufficient to state a cause of action against the last-named defendant.

**7. SAME—JOINDER OF CAUSES OF ACTION.**

A complaint in an action for false imprisonment, alleging plaintiff's unlawful arrest by one of defendants, his imprisonment in the station house by another, his detention by another, a captain of police, and further alleging that yet another defendant, a sergeant of police, took plaintiff out of his cell to another room next morning and abused him, but not stating how, and then remanded him to his cell, followed by an allegation that the acts of defendants were willful and concerted, etc., did not allege a cause of action for assault against the last-named defendant, together with one cause of action against all of the other defendants for conspiracy and malicious prosecution.

Rich, J., dissenting.

Appeal from Special Term, Westchester County.

Action by Herbert E. Egleston against John C. Scheibel and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed as to defendants Scheibel, Lent, and Woodruff, and affirmed as to defendant Cooley.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Elmer P. Smith, for appellant.
Francis A. Winslow, for respondents.

GAYNOR, J. Each defendant demurs to the complaint on the ground (in so many words) that four separate causes of action for false imprisonment, one against each defendant, are improperly united. It is claimed that it alleges the doing of four different torts, one by each defendant, instead of only one tort by them all. Each also demurs that the complaint does not state facts sufficient to constitute a cause of action against him.

The complaint is for a false arrest and imprisonment; or, to be exact, for a false imprisonment, for the imprisonment begins at the arrest. Any physical detention is imprisonment. If the complaint were in due and ancient form, viz., a lean allegation that the defendants imprisoned the plaintiff without warrant or cause, leaving the facts to be proved, it would have become our educated profession better and saved all this trouble; but instead it pleads the facts in extenso, which is always unscientific and unwise.

The facts alleged are in substance (1) that the defendant Scheibel, a policeman, arrested the plaintiff without a warrant in the city of Yonkers for hawking without a license, whereas he had a license, and took him to the station house; (2) that the defendant Lent, the sergeant in charge of the station house, locked him up; (3) that the defendant Woodruff, the captain and commander of the police force, was sent for and informed by the plaintiff of the said facts of his false arrest and imprisonment, but refused to discharge the plaintiff, and detained him all night; and (4) that the defendant Cooley, a sergeant of police, took the plaintiff out of his cell to another room next morning and "abused" him (how is not stated) and then remanded him to his cell. At the end there is an allegation that the acts of the defend-

ants were "wilful and concerted," etc., but that does not make the action one for a conspiracy, i. e., it is not necessary to make out a conspiracy to maintain it.

It is elementary that every one who participates in the commission of a tort is liable for it as a principal. If one is committing a battery, and another come up and join him in the battery, both are liable for the whole battery. The plaintiff is not obliged to divide the battery into parts and sue each for a part. It was not necessary that all of the defendants should have been present at the commencement of the false imprisonment, viz., at the arrest. By afterwards joining in the unlawful imprisonment those not present at the beginning became liable for the whole trespass ab initio. There was one continuous trespass only, and not several trespasses. If an officer falsely arrests a person and starts with him to the station house, every officer or other person who joins with him in the tort at successive intervals and places on the way, and the officer in charge at the station house who receives the arrested person from them and locks him up, are all participants in the same tort, if liable for tort at all, which has to be determined on the evidence at the trial in respect of each. Each is not guilty of a new and separate tort. There is only a single tort and not several torts. In such a case the plaintiff is not obliged to bring a separate action against one or each wrongdoer, making him liable only from the time and place of his participation; indeed, it would often or always be impossible to make such a division. If it be difficult to find precise decisions for the foregoing, it is only because it has seldom if ever been questioned; but there are decisions bearing on the general principle. Schneider v. McLane, *42 N. Y. 568; Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 261, 26 Am. St. Rep. 533; Livingston v. Bishop, 1 Johns. 290, 3 Am. Dec. 330; Callahan v. Searles, 78 Hun, 238, 28 N. Y. Supp. 904; Bissell v. Gold, 1 Wend. 210, 19 Am. Dec. 480; Green v. Kennedy, 46 Barb. 16; Id. 48 N. Y. 653; Coats v. Darby, 2 N. Y. 517; Judson v. Cook, 11 Barb. 642; Bishop v. Ely, 9 Johns. 294; Guille v. Swan, 19 Johns. 381, 10 Am. Dec. 234; Elder v. Morrison, 10 Wend. 128, 25 Am. Dec. 548. If the complaint had been simply that the defendants falsely imprisoned the plaintiff, proof of the facts alleged in the complaint would have made out a case against all of the participants.

It follows that the complaint alleges only one cause of action against the three defendants Scheibel, Lent and Woodruff. It states none against the defendant Cooley, and his demurrer was properly sustained on that ground. The demurrers also allege a union of a cause of action for assault against the defendant Cooley with one cause of action against all of the other defendants for conspiracy and malicious prosecution. No such causes of action are alleged.

The interlocutory judgment should be reversed, except that it should be affirmed as to the defendant Cooley.

Interlocutory judgment reversed as to the defendants Scheibel, Lent, and Woodruff, with costs to the appellant, and affirmed as to the defendant Cooley, with costs to the respondent. All concur, except RICH, J., who dissents.

RICH, J. (dissenting). I am unable to concur in the decision to be made upon this appeal. The plaintiff brought this action against

four defendants to recover damages alleged to have been sustained in consequence of their wrongful acts resulting in his arrest and temporary confinement in the police station in the city of Yonkers. The defendant Scheibel is alleged to be a police officer, who arrested plaintiff for the violation of a city ordinance prohibiting the hawking and peddling of merchandise in the streets. The defendant Lent is alleged to be a sergeant of police in charge of the station house at the time plaintiff was brought there by Scheibel, who ordered the plaintiff searched and placed in confinement. The defendant Woodruff is alleged to be a captain of police in charge of the police force of the city, who, after being informed of the matters connected with the arrest of plaintiff, and that he was a veteran of the Civil War, selling under the authority of a state veteran's license, refused to set the plaintiff at liberty, and continued his imprisonment. The defendant Cooley is alleged to be a sergeant of police, and is charged with being "maliciously instrumental in the procurement and continuance" of plaintiff's imprisonment, with knowledge of the facts, and with wrongful and malicious abuse of him while so imprisoned.

The complaint alleges in separately numbered subdivisions the separate act of each defendant, and that:

"By reason of the said joint and several acts of the several defendants, the plaintiff, from the hour of his said arrest until about the hour of 9 a. m. on March 29, 1903, was wrongfully and unlawfully deprived of his liberty, and compelled to remain closely confined with several other prisoners."

The eighth subdivision is as follows:

"That, as plaintiff is informed and believes, the acts of said defendants were willful and concerted, and done either maliciously or knowingly in furtherance of some purpose personal to one or more of said defendants."

The defendants each demurred to the complaint upon two grounds: First. That there was an improper unity of several causes of action, one being against the defendant Scheibel for false arrest or imprisonment on March 28, 1903, between the hours of 7 and 8 o'clock p. m.; one against the defendant Lent for false imprisonment at a later hour; one against the defendant Woodruff for continuing the imprisonment at a yet later hour; one against the defendant Cooley for continuing the imprisonment on the next day and for an assault, "which said causes of action do not affect all of the said parties"; and one cause of action for conspiracy and malicious prosecution as a result thereof. Second. That the complaint does not state facts sufficient to constitute a cause of action.

I think the disposition of these demurrers by the learned justice at Special Term was correct. It is apparent that the theory of the plaintiff's alleged cause of action is a conspiracy by and between the defendants. In the absence of a conspiracy, the separately alleged causes of action do not affect all of the parties; neither would be liable for the act of the others, and a demurrer by each defendant is properly interposed, on the ground that there is a misjoinder of the causes of action. Code of Civil Procedure, § 488, subd. 7; Nichols v. Drew, 94 N. Y. 22. It is no answer that a good cause of action is pleaded against each demurrant.

To maintain an action for conspiracy, the plaintiff must allege and prove an agreement or concert of action of the defendants. In the complaint under consideration no facts are alleged showing an agreement or concerted action in pursuance thereof by or between any of the defendants. The only relation shown between any of the acts is that they successively followed each other, the act of each defendant was separate and distinct from that of each of the others, and they are not so connected as to establish them to have been the result of any agreement or concert of action, and are insufficient to constitute a cause of action for a conspiracy. This condition is not relieved by the allegations contained in subdivision 8, which are only the conclusions of the pleader, given without alleging any facts.

I vote to affirm the interlocutory judgment, with costs.