CASEY *v.* SCOTT.

Opinion delivered April 22, 1907.

1. OFFICER—LIABILITY FOR ACTS OF APPOINTEE.—The chief of police of a city is not responsible for the acts or omissions of a public servant properly employed by or under him, as, for example, a dogcatcher, unless he failed to exercise reasonable care in the selection of such appointee. (Page 364.)

2. REPLEVIN—NECESSITY OF POSSESSION.—There must be possession, actual or constructive, in the defendant in order to sustain replevin. (Page 364.)

Appeal from Miller Circuit Court; *Joel D. Conway,* Judge; reversed.

*Pratt P. Bacon,* for appellant.

1. The property having been taken for a tax under a valid ordinance authorized by statute, replevin could not be maintained against the officer having possession thereof. 57 Ark. 195; Kirby's Dig. § §5506, 6854, 6873.

2. There is no testimony that appellant ever had possession of the property replevied. "Plaintiff must show that at the time the writ was issued the property was in the defendant's possession." Cobbey on Replevin, § 433; 66 Ark. 135. A public

officer is not responsible for the acts or omissions of subordinates employed by him, if they are not in his private service but are themselves servants of the government, unless he has directed such acts to be done, or personally co-operated in the negligence, or has himself been negligent in the selection of such subordinate. 23 Am. & Eng. Enc. of L. 2 Ed., 382.

*John N. Cook,* for appellee.

1. If this were a tax, as contended for by appellant, it would clearly be unconstitutional. Art. 12, § 4, Const. The ordinance does not seek to levy a tax on dogs of non-residents, but is levied on those in the city of Texarkana, Arkansas. To do more would have exceeded the authority of a municipal corporation. *Ib.*; 73 Ark. 428; 96 S. W. 986. In principle it was a mere license fee. 69 Ark. 385.

2. The ordinance provided that appellant should appoint the dogcatcher, which he did, and the evidence shows that the latter was under his control and subject to his orders. Appellant was in constructive possession of the dog. 34 Ark. 93; 7 Minn. 331; 33 Mo. 591; 56 Me. 291; 33 Kan. 282; 24 Am. & Eng. Enc. of L. 497, 498.

HILL, C. J. Scott brought a replevin suit for an English foxhound bitch against Casey, chief of police, Crowell, the dogcatcher, and the city of Texarkana. A verdict in favor of the city was instructed, and a judgment was rendered against the chief of police and the dogcatcher, and the chief appealed to this court. The dogcatcher did not appeal. Many questions are presented and discussed, but only one will be noticed, as it is decisive of the case.

An ordinance of the city of Texarkana provided for a dog tax and the manner of collecting the same, and contained this provision: "The chief of police shall employ a dogcatcher, whose duty it shall be to catch any and all dogs found running at large upon the streets upon which the tax has not been paid, etc."

The dogcatcher was to be paid 50 cents for catching and 25 cents for caring for each dog.

The gravamen of the charge herein is that the dog was illegally taken up and detained and cruelly neglected while in

the pound, the result of which was her death since this suit was brought.

"It is a well-settled rule that a public officer is not responsible for the acts or omissions of subordinates properly employed by or under him, if such subordinates are not in his private service, but are themselves servants of the government, unless he has directed such acts to be done, or has personally co-operated in the negligence." 23 Am. & Eng. Enc. (2d Ed.) p. 382.

A sheriff is responsible for his deputies, for they are acting in his private service in his name and stead, and are only public officers through him. A chief of police may select a police force, but he is not responsible for their acts, as each policeman is a public servant himself. So, under this ordinance, the dogcatcher was a public servant selected by the chief of police, just as a patrolman would be selected by him, or a mayor or other appointing power.

There is no liability in such cases, unless the appointing officer fails to exercise reasonable care in the selection of the appointee, a question not presented here.

There is testimony tending to prove that the owner of the dog made demand on the dogcatcher and tendered the proper fees for the dog, and the dogcatcher referred him to the chief of police as to whether he could retake the dog on payment of the fees without paying the tax, and the chief decided he would have to pay the tax before he could retake the dog. If this tax was illegal, as claimed, the action of the owner was perfected against the dogcatcher in whose possession the dog was. It is elemental that there must be possession, actual or constructive, in the defendant in order to sustain replevin, and there is no kind of possession here shown in the chief of police. It is not proper to herein decide whether an issue might have been framed in an appropriate action against the chief for causing the dogcatcher to hold the dog for an alleged tax; certainly such an issue could not be framed in a replevin suit where the chief had neither actual nor constructive possession.

Reversed and remanded.