240 P.2d 484

**KLAM v. BOEHM et al.**

No. 7821.

Supreme Court of Idaho.

Jan. 29, 1952.

E. G. Elliott, Charles F. Reddoch, Boise, for appellant.

260

C. Stanley Skiles, City Atty., Maurice H. Greene, Paul B. Ennis, Boise, for respondent.

KEETON, Justice.

Appellant seeks to recover damages from respondent and others for alleged unlawful arrest, false imprisonment and violence committed on his person by some of the police of Boise. Respondent R. G. Haskin was, at the time of the occurrence, chief of police. He filed a general demurrer to the complaint which was by the trial judge sustained. Appellant declined to plead further. Judgment in favor of the respondent, dismissing the action as to him, was entered. Plaintiff appealed.

The complaint alleges that two police officers, Boehm and Kantack, wrongfully arrested, and with Rex Walters, the desk sergeant at the city jail, unlawfully imprisoned the appellant; that some of the officers committed various acts of physical violence upon his person. Walters is charged with having participated in the wrong after the appellant was brought to the city jail by the other officers charged, where appellant was confined for about five hours.

Nowhere in the complaint is it charged that the respondent Haskin aided, authorized, or participated in the wrong. Nor is it alleged that he either appointed, or had the power to appoint the officers whose acts are complained of; or that he knew or should have known of the acts of the others.

Appellant claims that respondent is liable for the alleged wrong solely because of his position as chief of police, keeper of the prison and prisoners therein confined.

The complaint alleges: "That * * * Haskin was * * * the duly appointed

and acting Chief of Police of Boise City, * * *; and that, as such Chief of Police, * * * had under his immediate supervision, direction and control all officers and men of the said Boise City Police force, and of the city prison of Boise City, Idaho, and of the prisoners confined therein," and quotes Sec. 1–1702 of the Boise City Code of 1936, to-wit: "The Chief of Police shall be the head of the department under the mayor of the city and all other officers and men of the police force shall be under his immediate supervision, direction and control; * * *" and Sec. 1–1704 of the Boise City Code of 1936, as amended by Ordinance No. 1810 of said city: "It shall be the duty of each police officer within the police department of Boise City to enforce the ordinances of Boise City and the Statutes of the State of Idaho, and to perform such duties as may be prescribed by his superior officers and by the mayor and Common Council of Boise City." The charter of the city of Boise, Sec. 55–1907 Session Laws, page 87, subdivision 3, provides: "The chief of police * * * shall have charge of the city prison and prisoners confined therein, * * *."

The question for decision is whether or not respondent, because of his position as chief of police and keeper of the prison, is liable for damages suffered for a wrong committed by police officers, not directed or participated in by him, and without his knowledge or reason to know that the alleged unlawful acts were being or had been committed.

We quote from 22 Am.Jur. Sec. 49, page 388, as follows: "A chief of police is not liable for the acts of policemen where he does not participate in them, even though he selects the members of the force, * *" and Mechem on Public Officers, Book IV, page 528, Secs. 789–790; "It is well settled as a general rule that public officers of the government, in the performance of their public functions, are not liable to third persons, either for the misfeasances or positive wrongs, or for the non-feasances, negligences or omissions of duty of their official subordinates. * * *"

Among the exceptions stated to the general rule is: "where he has directed, authorized or co-operated in the wrong."

To hold a chief of police liable for the acts of subordinate policemen, not participated in by him in some degree, would be analogous to holding a foreman in private industry, because of his position as such, liable for the wrongful acts of other employees.

■ The maintenance of a jail is a governmental function. 41 Am.Jur. 896, Sec. 17; 898, Sec. 18.

■ Policemen of a city or town are peace officers and a policeman is a public officer, whose duties relate to governmental functions of a municipality. Sec. 19–510 I.C.; State ex rel. Barlow v. Benfield, 231 N.C. 663, 58 S.E.2d 637; Parker v. Travelers' Ins. Co., 174 Ga. 525, 163 S.E. 159, 81 A.L.R. 472. They are employees of the

262

city engaged in a governmental function and are not employees of the chief of police, but are themselves officers who perform an official duty for the public.

 The chief of police, because of his position, or as keeper of the prison and prisoners, is not responsible for the acts of police officers who unlawfully committed the acts complained of(if they did), and which acts the chief of police did not direct, aid or assist, and of which he did not know, or have reason to know that such unlawful acts were being or had been committed. Pavish v. Meyers, 129 Wash. 605, 225 P. 633, 34 A.L.R. 561; Casey v. Scott, 82 Ark. 362, 101 S.W. 1152, 118 Am.St.Rep. 80, 12 Ann.Cas. 184; Russell v. Glascow, 63 Ariz. 310, 162 P.2d 129; Fernelius v. Pierce, 22 Cal.2d 226, 138 P.2d 12; Downey v. Allen, 36 Cal.App.2d 269, 97 P.2d 515; Robertson v. Sichel, 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203; Egleston v. Scheibel, 113 App.Div. 798, 99 N.Y.S. 969; State v. Reichert, 226 Ind. 358, 80 N.E.2d 289. See Note 102 A.L.R. 174 for collection of cases holding that neither an officer nor his bondsman is liable for the defaults and misfeasances of assistants or subordinates.

In Pavish v. Meyers, supra [129 Wash. 605, 225 P. 633], the Supreme Court of Washington held: "Chief of police of Seattle or his bondsman * * * not liable for an alleged wrongful arrest of plaintiff by a police officer made on officer's own volition, where the officer was governed by the civil service regulations and the chief's power of appointment limited; Rem.Com. Stat. § 4160, relative to the responsibility of sheriff for acts of deputies, not applying." And in Casey v. Scott, supra [82 Ark. 362, 101 S.W. 1153], the Supreme Court of Arkansas held: "A sheriff is responsible for his deputies, for they are acting in his private service in his name and stead, and are only public officers through him. The chief of police may select a police force, but he is not responsible for their acts, as each policeman is a public servant himself."

There is a distinction between a sheriff of a county, who is required to give a bond, Sec. 31–2015 I.C., and who personally appoints his deputies who act in his name and under his immediate direction and authority, and for whose acts the sheriff is made liable by statute, Sec. 59–813 I.C., and a chief of police. Hence a different rule prevails in the case of a chief of a municipal police department than pertains with respect to a sheriff and his deputies. Sec. 59–813 I.C.; Work Bros. v. Kinney, 7 Idaho 460, 63 P. 596; Works v. Byrom, 22 Idaho 794, 128 P. 551; Helgeson v. Powell, 54 Idaho 667, 34 P.2d 957.

Appellant, to sustain his theory, cites the case of Ulvestad v. Dolphin, 152 Wash. 580, 278 P. 681, 683. In that case certain officers wrongfully arrested and imprisoned the plaintiff. Under the charter of Seattle, the chief of police was made "the keeper of the city prison". Plaintiff, without

process or right, was confined eight days. No charge was ever made against him. The Washington Court held the chief of police and his bondsmen liable stating: "If the original arrest was unlawful, so likewise was the subsequent imprisonment, and, since the chief of police suffered the appellant to be confined in the prison without lawful authority, he *actively participated in the wrong,* and is liable to answer for the wrong." (Emphasis supplied.)

The chief of police in that case permitted the plaintiff to be confined for a length of time, when he knew, or should have known of the unlawful imprisonment. The court concluded that the chief "participated in the wrong". Liability of the chief of police or his bondsmen was not predicated on the theory of respondeat superior. One justice dissented being unable to distinguish the case from Pavish v. Meyers, supra.

If Ulvestad v. Dolphin, supra, were to be construed as contrary to the views expressed by us in the case at bar, it is contrary to the great weight of authority, and we decline to follow it.

We therefore conclude that the complaint fails to state a cause of action against respondent Haskin. Judgment is affirmed. Costs to respondent.

PORTER, Acting C. J., TAYLOR and THOMAS, JJ., and SUTPHEN, District Judge, concur.

GIVENS, C. J., disqualified.