NORTHWESTERN CORDAGE CO. v. GALBRAITH.

1. Where plaintiff alleges that it is a corporation, its corporate existence is not put in issue, under Comp. Laws, § 2908, by defendant's averring "that he has no knowledge or information sufficient to enable him to form a belief" as to the truth of the allegation, "and therefore he denies it."                              •

2. An answer which alleges that plaintiff payee is not the owner and holder of the note sued on presents a material issue, and hence is not frivolous.

(Opinion filed April 27, 1897.)

Appeal from circuit court, Minnehaha county.   Hon. J. W. JONES, Judge.

Action on a promissory note.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

The facts are stated in the opinion.

, *Robertson & Dougherty*, for appellant.

The answer was not frivolous.   2 Wait's Pr., 492-496; Strong v. Sproul, 53 N. Y. 498; State v. King, 6 S. D. 297, 60

N. W. 75; Sigmund v. Bank, 4 N. D. 164, 59, N. W. 966; Bliss Code Pl. § 421; Maxw. Code Pl. 555; Stebbins v. Lardner, 2 S. D. 127, 48 N. W. 847.

*Joe Kirby*, for respondent.

The attempted denial of plaintiff's corporate existence is frivolous. Comp. Laws, § 2908; Crane Bros. Mfg. Co. v. Morse, 49 Wis. 368. The remainder of the answer raises no issue. De Santes v. Searle, 11 How. Pr. 477; Fleury v. Roget, 5 Sandf. 646.

HANEY, J. It is alleged in the duly verified complaint in this action: "(1) That the plaintiff is a corporation duly organized and existing according to law. (2) That on or about the 12th day of June, 1894, the said defendant, for a valuable consideration, made and delivered to this plaintiff his promissory note in writing, of which the following is a copy, to-wit: "$1,280.00. Dell Rapids, S. D., June 19th, 1894. November first, no grace, after date, I promise to pay to the order of the Northwestern Cordage Co., St. Paul, Minn., twelve hundred and eighty dollars, payable at First National Bank. Value received, with interest at 7 per cent. per annum from maturity. [Signed] T. S. Galbraith.' (3) That no part of the same has been paid, and that there is now due and owing to this plaintiff from said defendant thereon the sum of twelve hundred and eighty dollars, with interest thereon at seven per cent. from November 1st, 1894, for which sum plaintiff demands judgment against said defendant, together with costs and disbursements of this action." The verified answer is as follows: "The defendant, answering the complaint of the plaintiff herein, denies each and every allegation therein contained, except as hereinafter admitted, qualified or restricted, and, for further answer, alleges that he has no knowledge or information sufficient to enable him to form a belief as to the truth of the allegations contained in the first paragraph of the complaint herein, and therefore denies the same. He admits that on or about the 19th

day of June, A. D. 1894, he made and executed his certain promissory note in writing, in manner and form similar to the copy set out in paragraph two of the complaint herein. He admits that no part of said note has been paid; that the plaintiff is not the real party in interest in this action, nor is the plaintiff the owner and holder of the note, a copy of which is set forth in the second paragraph of the complaint herein, nor has the plaintiff any interest therein, and the real party in interest therein or the owner or holder of said note are unknown to this defendant." This answer was adjudged frivolous, and plaintiff had judgment for amount claimed.

The plaintiff's corporate existence is not put in issue. Comp. Laws, § 2908. There is, however, a material issue, and the answer is clearly not frivolous. It is plainly alleged that plaintiff is not the owner and holder of the note sued upon. Notes are frequently transferred, when the original payees cease to own them. If plaintiff does not own this note, it cannot recover in this action. For the purpose of deciding the question under discussion, it must be presumed that defendant can prove this allegation of his answer. He should be given an opportunity to do so. The judgment is reversed, and the cause remanded for further proceedings according to law.