BOARD OF EDUCATION OF WEBSTER INDEPENDENT SCHOOL
DISTRICT NO. 101, V. PRIOR.`

1. In an action under Laws 1891, chapter 94 providing the method by which
   a jury shall assess compensation for private property taken for public
   use, where there are no adverse claimants the amount of compensation
   is the only issue.

2. Where plaintiff alleges that it is a corporation, its corporate existance is
   not put in issue, under Comp. Laws, § 2908, by defendant's denial of
   such corporate existence on information and belief.

3. A denial, by defendant in condemnation, of an allegation in the petition
   that the parties could not agree on the compensation to be paid, in the
   language of the petition, extends, not to the substance, but to the form,
   merely; and the truth of the allegation stands uncontroverted, and need
   not be proven.

(Opinion filed Nov. 18, 1898.)

Appeal from circuit court, Day county; Hon. A. W. CAMP-
BELL, Judge.

Action by the board of education of Webster independent
school district, No. 101 (a corporation), against Charles H.
Prior, to determine the amount of compensation to be paid the
owner of real property for property appropriated for the use
of a school district. From a judgment assessing defendant's
damages, he appeals. Affirmed.

The facts are stated in the opinion.

*Josephus Alley, J. H. Prior* and *H. H. Potter,* for appellant.

*R. W. Parliman (Burke & Goodner;* of counsel), for respond-
ent.

FULLER, J.  This statutory proceeding by a school corporation to determine the amount of compensation to be paid the owner for a narrow strip of land described in the petition, and appropriated for the purposes of the district, resulted in a verdict assessing defendant's damages at $15, and he appeals from a judgment accordingly entered.

There being no adverse claimants, the amount of compensation to be paid for the property is the only issue that was or could be tried, and the amount awarded appears from the evidence to be entirely reasonable.  Laws 1891, c. 94, § 12.

Under Section 2908 of the Compiled Laws, a denial of respondent's corporate existence upon information and belief was not sufficient to require any proof of the affirmative allegation to that effect contained in the petition.  Cordage Co. v. Galbraith, 9 S. D. 634, 70 N. W. 1048.

It is alleged in the petition "that plaintiff and defendant are unable to agree upon a just and equitable compensation to the defendant for taking, damaging, appropriating and condemning said parcel or strip of land," etc., and in his answer the defendant "denies that plaintiff and defendant are unable to agree upon a just and equitable compensation to the defendant for taking said strip of land as alleged in said petition."  Assuming, but not conceding, the materiality of the allegation, its denial—being in the language of the petition—extends, not to the substance, but to the form merely, and the truth of the statement stands uncontroverted.  Under no system of pleading is proof required, unless a denial goes to the substance and spirit of an allegation, rather than to its form and diction "as alleged in the petition."  Blackman v. Vallejo, 15 Cal. 639; Maxw. Code Pl. 389; Harden v. Railway Co., 4 Neb.

521; Scovill v. Barney, 4 Or. 288; Woodworth v. Knowlton, 22 Cal. 164; Schaetzel v. Insurance Co. 22 Wis. 412; Larney v. Mooney, 50 Cal. 610; Young v. Catlett, 6 Duer, 437.

The petition and all proceedings thereunder appear to be in substantial compliance with Chapter 94, Laws 1891, providing a method by which a jury is required to assess just compensation for private property taken for public use; and the record discloses nothing of which appellant, who appeared and defended, has any just cause for complaint. The judgment appealed from is affirmed.

HANEY, J. (concurring). I think the record discloses that no answer was ever served or filed in this case, but appellant cannot deny the existence of the pleading printed in his abstract and the conclusions based thereon in the foregoing opinion meet with my approval. In any view of the matter, I think the judgment of the circuit court should be affirmed.