(November 28, 1899.)

-SIMPSON v. REMINGTON.

[59 Pac. 360.]

PRACTICE—DEMURRER.—*Held,* that the complaint states a cause of action, and demurrer properly overruled.

PRIMA FACIE CASE—NONSUIT.—When the evidence of the plaintiff establishes a *prima facie* case, motion for nonsuit at close of plaintiff's testimony is properly denied.

DENIAL ON INFORMATION AND BELIEF.—A denial on information and belief of matters of public record is not sufficient.

CONFLICT OF TESTIMONY—GARNISHEE.—Where there is a substantial conflict in the testimony, the verdict of the jury will not be disturbed on appeal.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

James W. Eden, for Appellant.

Section 4470 of the Revised Statutes, provides that a party may have an execution issued upon a judgment at any time within five years after the entry thereof. We believe it is fatal to the complaint when it fails to allege either that an execution was issued and returned or that the defendant, Tanaker, was insolvent, and that these facts were made known to the court by affidavit or complaint before it made the order of February 5, 1895, allowing this suit. (See *Vordermark v. Wilkinson* 147 Ind. 56, 46 N. E. 336, and cases cited.) Chapter 2, title 9 of the Revised Statutes, under which this suit was brought, is a substitute for a creditor's bill in the old chancery practice. (See *Adams v. Haskett,* 7 Cal. 201; *Pacific Bank v. Robinson,*

57 Cal. 522, 40 Am. Rep. 120, and note; *McCullough v. Clark,* 41 Cal. 298; *Swift v. Arents,* 4 Cal. 390; 24 Am. & Eng. Ency. of Law, 601.)

S. C. Winters, for Respondent.

This action is brought under section 4309 of the Revised Statutes relative to the issuance and services of attachment and not under the provisions supplemental to execution. Under. said section 4309 the garnishee is directly liable to the plaintiff for the amounts of any credits, property or debts in his possession belonging to the attachment debtor until the attachment is disposed of and the judgment is satisfied, and gives the plaintiff a right to sue the garnishee at any time whether the attachment debtor is solvent or insolvent. (*Roberts v. Landecker,* 9 Cal. 262; *Herrlich v. Kaufmann,* 99 Cal. 271, 37 Am. St. Rep. 50, 33 Pac. 857.)

SULLIVAN, J.—This is an action supplemental to execution, and brought, by order of the court, under the provisions of section 4510 of the Revised Statutes; at least, the allegations of the complaint would indicate that it was brought under the provisions of said section. The defendant, who is the appellant here, filed a general demurrer to the complaint, which was overruled. The appellant then answered, and attempted to deny, on information and belief, that the execution mentioned in the second paragraph of the complaint had been returned unsatisfied, and denied the other allegations of the complaint. The suit was tried by the court and a jury, and verdict and judgment returned and entered in favor of the plaintiff for $540 and costs of suit. This appeal is from the judgment and order denying a new trial.

The appellant assigns as error the overruling of the demurrer to the complaint. After a careful consideration of the complaint, we conclude that it states a cause of action, and that it was not error to overrule the demurrer.

A motion for a nonsuit was made at the close of plaintiff's evidence, and overruled, which overruling is assigned as error. We think plaintiff's evidence makes a *prima facie* case, and the court did not err in denying the motion for nonsuit.

It is contended by the appellant that this action was brought under the provisions of section 4510 of the Revised Statutes, and is an action supplemental to execution, while the respondent claims that it is an action brought under the provisions of section 4309 of the Revised Statutes. However this may be, the complaint states a cause of action under the provisions of section 4510 of the Revised Statutes. It alleges the issuance of an execution, and its return *nulla bona* and the answer attempts to deny that allegation on information and belief. Such a denial is not permitted, where, by a mere inspection of public records, the defendant may have obtained the knowledge as to whether an execution had been issued and returned. The allegations of the issuance of the execution, and its return *nulla bona,* not being denied by the answer, were admitted and taken as true. This relieved the plaintiff of proving said allegations on the trial.

The overruling of appellant's motion for a new trial is assigned as error, and the point urged is that the evidence is insufficient to justify the verdict. We have examined the evidence with care, and, as the jury is the judge of the credibility of the witnesses and the weight to be given to the evidence, we are not disposed to disturb the verdict. The testimony of the plaintiff appears quite satisfactory, while much of that of the appellant is equivocating, unintelligible, and most unsatisfactory. Facts that the appellant should have known and testified to fairly and squarely he did not recollect or could not remember, and, instead of having his books of account at hand from which to refresh his memory, they were at the city of Tacoma, Washington. A careful examination of the testimony convinces us that the jury arrived at the verdict on the issues before them on conflicting evidence, and, under well-settled rules, we are not authorized to disturb it. The judgment must be sustained, with costs in favor of the respondent.

Huston, C. J., and Quarles, J., concur.