(January 23, 1911.)

# EMANUEL VADNEY, Plaintiff, v. STATE BOARD OF MEDICAL EXAMINERS, Defendant.

[112 Pac. 1046.]

WRIT OF MANDATE—PHYSICIAN AND SURGEON—LICENSE TO PRACTICE—
LAWS OF 1887—REQUIREMENTS OF LAWS OF 1899—MEDICAL BOARD—
ANSWER—DENIALS ON INFORMATION AND BELIEF—INSUFFICIENCY
OF—POWER OF BOARD.

(Syllabus by the court.)

1. Under the provisions of sec. 1298, Rev. Stats. 1887, no person was permitted to practice medicine or surgery in this territory (now state) who had not received a medical education and a diploma from some regularly chartered medical school having a *bona fide* existence at the time the diploma was granted, and when it appears from the complaint that the applicant for a license to practice medicine and surgery in the state was engaged in the practice of his profession under the provisions of the laws of 1887 and had complied with all of the provisions of sec. 5 of the act of 1899 (Sess. Laws, p. 346), it was the duty of the State Board of Medical Examiners to issue to him a license to practice medicine and surgery in this state.

2. Under the provisions of sec. 9 of the medical law of 1899, there is no provision for an appeal from an order of the State Board of Medical Examiners refusing to grant a license to an applicant; but said section contains a provision whereby the proper court may review by *certiorari* certain proceedings of said board.

3. *Held*, under the provisions of said act that a plaintiff has no plain, speedy and adequate remedy at law by appeal.

4. A diploma from a regularly chartered medical school which had a *bona fide* existence at the time the diploma was granted, and a compliance with the provisions of said secs. 1298a and 1298b, Rev. Stats. 1887, was all of the proof that the statute required at that time of the applicant's having a medical education, and under the act of 1899, the medical board had no authority to require any other or further evidence of that fact.

5. A denial of matters which are of record and accessible to the defendant is insufficient and is no denial, and does not raise an issue.

6. The State Board of Medical Examiners, under the law of 1899, has no authority to refuse a license to an applicant who was engaged in the practice of medicine and surgery under the laws of 1887, on

the ground that the college issuing the medical diploma under which he was practicing was not a "reputable college of medicine in good standing," as the law of 1887 provides that the diploma referred to must be from some "regularly chartered medical school" having a *bona fide* existence at the time when said diploma was granted.

7. *Held,* that the reason for refusing to grant the plaintiff's application was based on the ground that the Independent Medical College of Chicago was not a "reputable college of medicine in good standing," and not on the ground that said application was not in proper form.

8. *Held,* that the answer fails to raise any material issue of fact.

9. *Held,* that facts sufficient are alleged in the complaint to entitle the plaintiff to a license from the State Board of Medical Examiners to practice medicine and surgery in this state.

Original proceedings for a writ of mandate to compel the State Board of Medical Examiners to issue to plaintiff a license to practice medicine and surgery in this state. Motion to quash denied and peremptory writ directed to issue.

Ben F. Tweedy and G. Orr McMinimy, for Plaintiff.

The medical board has no right or jurisdiction to examine the plaintiff as to his qualifications to practice medicine; it is none of its business. The 1899 medical law says he is qualified if he had a legal right to practice medicine under the 1887 law, and had complied with that law, and was practicing medicine under the 1887 law at the time the 1899 medical law went into force, and complied with the 1899 law within the time permitted to save and continue his rights which he had under the 1887 law. (*State v. Cooper,* 11 Ida. 219, 81 Pac. 374; *Sherburne v. Board of Dental Examiners,* 13 Ida. 105, 88 Pac. 762.)

Sec. 5 of the Laws of 1899, page 346, determines the proof of a "medical education" as required by law of 1887, and neither the court nor the Board of Medical Examiners can require any more or greater proof. (*State v. Cooper, supra.*)

D. C. McDougall, Attorney General, and O. M. Van Duyn and J. H. Peterson, Assistants, for Defendant, cite no authorities.

SULLIVAN, J.—This is an original application to this court for a writ of mandate directed to the State Board of Medical Examiners requiring them to issue to the applicant a license to practice medicine and surgery in this state.

It appears from the petition of the plaintiff that he was and now is a duly licensed graduate of the Western University of Chicago and Independent Medical College of Chicago; that on the 4th of October, 1897, he established an office and residence in Morrow, Nez Perce county, and has ever since continued to practice medicine and surgery in said town and county; that before he began the practice of medicine and surgery, he duly filed his affidavit of identity and filed and recorded his said medical diploma with the county recorder of Ada county, Idaho; that said medical college had a *bona fide* existence and was duly chartered under the laws of the state of Illinois at the time said diploma was granted to applicant; that he is the rightful possessor of said diploma and the identical person named therein; that at the time of the passage of the act commonly known as the "Medical Act of 1899" (Sess. Laws 1899, p. 345), plaintiff was legally engaged in the actual practice of medicine and surgery within the state of Idaho under the provisions of the Medical Act of 1887; that in the month of June, 1899, and within six months after the Medical Act of 1899 went into effect, applicant made application for a license to practice medicine and surgery to the State Board of Medical Examiners on the blanks furnished by said board, and transmitted with the said application a certificate from the county recorder of Nez Perce county that the plaintiff was a *bona fide* resident of that county and had recorded his diploma under the Medical Act of 1887, giving the date of such record, and that plaintiff transmitted with said application the fee of five dollars with the proof of plaintiff's good moral character requested by said board; that thereafter and on or about the —— day of ————, 1899, the plaintiff received notice from the secretary of said board that the application properly executed and the fee of five dollars had been received by said board, and

that said board wished to inspect the plaintiff's medical diploma; that on the —— day of ————, 1899, the plaintiff sent his said diploma to said medical board and was thereafter informed by said board that they did not, and would not, recognize the said Independent College of Chicago as one having authority to issue a diploma to a doctor of medicine; that said board thereafter and ever since has refused to issue to the plaintiff a license to practice medicine and surgery, although requested so to do; that the plaintiff is entitled to a license to practice medicine and surgery in this state, and that he is the real party in interest in these proceedings; and prays for the issuance of a writ of mandate to compel said board to issue the necessary license.

Upon that application this court issued the alternative writ, and upon the return day the said board appeared by its attorney and moved to quash the alternative writ on the ground that the court has no jurisdiction to issue a writ of mandate in this matter, for the reason that the plaintiff has a plain, speedy and adequate remedy at law, and that the petition presents no facts entitling the plaintiff to the relief asked for or to any relief whatever. The matter came on for hearing on said motion.

The first contention made by counsel for the board is that under the laws of 1887, sec. 1298, no person was entitled to practice medicine in the state of Idaho who had not received a medical education and who had not received a diploma from a regularly chartered medical school, the said school to have a *bona fide* existence at the time the diploma was granted. Said section is as follows:

"No person shall practice medicine or surgery in this territory who has not received a medical education and a diploma from some regularly chartered medical school, said school to have a *bona fide* existence at the time when said diploma was granted."

We think it sufficiently appears from the petition that the plaintiff was lawfully engaged in the practice of medicine and surgery under the laws of 1887 when the Medical Act of 1899 was passed.

In the case of *State v. Cooper,* 11 Ida. 219, 81 Pac. 374, this court said:

"Where it is shown that an applicant for a license to practice medicine and surgery was a resident of the state, engaged in the practice of his profession under the provisions of the law of 1887, and had complied with all the provisions of the law of 1899; *held,* that in case the board of medical examiners refused to issue his license it was not criminal in him to pursue his profession."

If the plaintiff was lawfully engaged in the practice of medicine and surgery at the time of the enactment of the medical law of 1899, the question is presented whether he made a sufficient showing to the board under that law to require it to issue a license to him.

Sec. 5 of that act is as follows:

"All persons, except as hereinafter provided, who were legally engaged in the actual practice of medicine and surgery or either of them within the state, at the time of the passage of this act, under the provisions of the Medical Act of 1887, shall be licensed without examination to continue such practice under this act, by making application to the State Medical Examining Board upon suitably prepared blanks to be furnished by said Board, within six months from the taking effect of this act. The applicant shall be required to transmit with said application, a certificate from the county recorder from the county in which he or she may reside, that said applicant is a *bona fide* resident of the state and has recorded his or her diploma under the provisions of the medical act of 1887, giving date of such record. Persons who received a license under the now defunct medical law of 1897 will simply be required to transmit such license. The fee for license under this section shall be five dollars ($5) and shall in each case accompany the application. Upon fulfillment of the requirements herein stated, the board shall issue to said applicant a license to practice medicine and surgery within this state. Persons for whom the provisions of this section are intended, failing or refusing to avail themselves.

of the same, shall be and are hereby subject to the requirements of section six of this act.''

It appears from the petition that the plaintiff was legally engaged in the actual practice of medicine and surgery under the Medical Act of 1887, and that he made a proper application to the State Medical Examining Board, as provided by sec. 5 of said act, and if the facts presented in his affidavit be true, the board had no option whatever in said matter. It was its duty to issue to him a license to practice medicine and surgery.

It is next contended that the plaintiff, after the refusal of said board to grant him a license, had a plain, speedy and adequate remedy by appeal under the provisions of said law of 1899. It is provided in sec. 9 of said act of 1899 that in case the board refuses to grant a license to practice under that act, the applicant shall have the right to have the action of the board reviewed by the district court in and for the county in which the meeting at which the license was refused was held, or such other county as may be agreed upon, provided proceeding for such review is instituted within ten days after notice of such refusal upon the applicant.

This court in the case of *Raaf v. State Board of Medical Examiners,* 11 Ida. 707, 84 Pac. 33, held under the provisions of said section 9 that the district court could review on *certiorari* the action of the medical board, provided proceedings therefor were instituted within ten days after notice of the refusal to grant the license, and that such review and inquiry could not go beyond the scope of investigation and inquiry usually and ordinarily pursued and exercised by courts in the consideration, of writs of review. The second paragraph of the syllabus of said case is as follows:

''The state medical law contains no provision granting the right of appeal from the action of the board of examiners in refusing a license to an applicant, but by the terms of section 9 of the act it is provided that the action of the board in refusing to grant a license under the provisions thereof may be reviewed by the district court on *certiorari,* provided

proceedings therefor be instituted within ten days after notice of such refusal.''

And it is held in that case that the courts will not review and re-examine matters in which the board is called upon to exercise judgment and discretion and perform *quasi* judicial functions in relation thereto; but the courts will compel the board to act when they fail or refuse to do so, and will review their proceedings where they have assumed to exercise powers not conferred. Under the rule laid down in that decision, the petitioner has no plain, speedy and adequate remedy at law by appeal.

Counsel for defendant board contend that under the laws of 1887, sec. 1298, the applicant must have a ''medical education,'' and that if he had possessed diplomas from all the medical colleges in the United States and did not have a medical education, he would not be entitled to practice under the laws of 1887, and contend that the complaint is insufficient because it does not directly allege that the defendant had a ''medical education.'' Sec. 1298a, Rev. Stats., provided that every physician or surgeon when about to take up his residence in this territory, or who now resides here, shall file for record with the county recorder of the county in which he is about to practice his profession, or where he now practices it, a copy of his diploma, at the same time exhibiting the original or a certificate from the dean of the medical school of which he is a graduate, certifying to his graduation. Sec. 1298b provides that every physician or surgeon who files a copy of his diploma or certificate of graduation, as required by sec. 1298a, shall be identified as the person named in the papers about to be filed, either by the affidavit of two citizens of the county or by his affidavit taken before a notary public or commissioner of deeds of this territory, which affidavit shall be filed in the office of the county recorder. Under the provisions of said law of 1887, a diploma from some regularly chartered medical school which had a *bona fide* existence at the time said diploma was granted, and a compliance with the provisions of the sections above referred to, was proof of the

applicant's having received a medical education and all of the evidence that the statute required at that time of that fact. That being true, the complaint states a cause of action, and if said facts are true, they entitle the plaintiff to the relief prayed for.

The plaintiff alleges in his complaint all of the facts necessary to entitle him to a license from the State Board of Medical Examiners to practice medicine in this state, and the board by refusing to issue a certificate to him refused to perform a duty imposed on it by the Medical Act of 1899. For that reason the motion to quash must be denied.

The answer denies matters of record on information and belief. A denial on information and belief of matters of record is no denial at all where such records are accessible to the defendant; therefore said denials do not make an issue in the case. (Simpson v. Remington, 6 Ida. 681, 59 Pac. 360; Work Bros. v. Kinney, 7 Ida. 460, 63 Pac. 596; Bennett Co. v. Twin Falls L. & W. Co., 14 Ida. 38, 93 Pac. 789.)

The answer denies that the Independent Medical College of Chicago, from which plaintiff held a diploma, was a "reputable college of medicine in good standing." The board had a right to determine that question under the act of 1899 where the applicant had not been practicing medicine and surgery under the act of 1887; but when the applicant had been practicing under the laws of 1887 and made application under the fifth section of the act of 1899 for a license, the board had no authority whatever to determine whether or not the diploma under which the applicant had been practicing was issued by "a reputable college of medicine in good standing." If the plaintiff had a diploma from a regularly chartered medical school that had a *bona fide* existence at the time the diploma was granted, that was all that was necessary so far as the diploma was concerned. The answer admits that said Independent Medical College was a regularly chartered medical school and had a *bona fide* existence, and avers that its charter was revoked in the year 1899 on account of fraud. Under the admitted facts and law, the board had no authority whatever to refuse the applicant a license on the

ground that the medical college from which he graduated was not a "reputable college of medicine in good standing." Said board avers in its answer that it did not, and would not, recognize said Independent Medical School of Chicago as one having authority to issue a diploma to a doctor of medicine, and avers "that said refusal was made upon the ground that said alleged college of medicine was not a reputable college in good standing." Under the law of 1887, said board had no authority to refuse to grant the plaintiff a license upon that ground.

Said board sets up as a further defense that the plaintiff's application was not in proper form. That was evidently an afterthought, and cannot be considered. If said application was not properly verified, it was the duty of the secretary of the board to return it to the applicant for verification, and if the persons who certified to the good moral character of said plaintiff were not satisfactory, plaintiff ought to have been notified of that fact and given an opportunity to furnish the names of other persons who would certify to his good moral character.

It appears from the record before us that the real reason for refusing the application of the plaintiff was that said board did not recognize said Independent Medical College as "a reputable college of medicine in good standing." That was not a sufficient reason for refusing to grant said application. As the answer fails to raise any issue of fact that would justify the board in refusing to grant said license, it will not be necessary to refer the case to a referee to take any evidence.

It is therefore ordered that the peremptory writ of mandate issue to defendant, the said State Board of Medical Examiners, directing them to issue to the plaintiff a license to practice medicine and surgery in the state of Idaho, and that the costs of this proceeding be awarded to the plaintiff.

Ailshie, J., concurs.