(April 13, 1915.)

## FIRST NATIONAL BANK OF IOWA CITY, IOWA, a Corporation, Appellant, v. R. M. WALKER, Respondent.

[148 Pac. 46.]

NATIONAL BANKS—CORPORATE EXISTENCE—ALLEGATION OF—DENIAL ON INFORMATION AND BELIEF—MATTERS OF PUBLIC RECORD—PROOF OF INCORPORATION.

1. Where the corporate existence of a national bank, which is plaintiff in an action, is alleged in the complaint and denied on information and belief in the answer, such denial is not sufficient to put in issue such allegation, since the corporate existence of national banks is a matter of public record.

2. A denial on information and belief of matters of public record is no denial, and does not put in issue the fact alleged in the complaint which it attempts to deny.

3. *Held*, that the court erred in holding that the corporate existence of a national bank could be proved only by its articles of incorporation.

4. Courts will take judicial notice of the general laws of the United States in regard to the incorporation of national banks, which laws indicate that such banks are to be regarded as public institutions, and such banks, when parties to a suit, may prove by parol that they were carrying on a general banking business authorized by the general laws of the United States.

APPEAL from the District Court of the Second Judicial District for Latah County.   Hon. Edgar C. Steele, Judge.

Action to recover on promissory note.   Judgment for defendant.   *Reversed.*

Peterson & Peterson, for Appellant.

A denial on information and belief of matters of public record is no denial, and does not put appellant upon its proof as to its corporate existence.   (*Simpson v. Remington,* 6 Ida. 681, 59 Pac. 360; *Bennett Co. v. Twin Falls Land Co.,* 14 Ida. 5, 38, 93 Pac. 789; *Work Bros. v. Kinney,* 7 Ida. 460, 63 Pac. 596; *Vadney v. State Board of Medical Examiners,* 19 Ida. 203, 112 Pac. 1046; *Northwestern Cordage v. Galbraith,* 9 S. D. 634, 70 N. W. 1048; *Society for the Propagation of the Gospel v. Town of Pawlett,* 4 Pet. 480, 7 L. ed. 927; *Conard v. Atlantic Ins. Co.,* 1 Pet. 395, 7 L. ed. 189; *Brady v. National Supply Co.,* 64 Ohio, 267, 83 Am. St. 753, 60 N. E. 218; *Mulcahy, v. Buckley,* 100 Cal. 484, 35 Pac. 144; *Mullally v. Townsend,* 119 Cal. 47, 50 Pac. 1066; *Sumpter v. Burnham,* 51 Wash. 599, 99 Pac. 752; *Oakes v. Ziemer,* 61 Neb. 6, 84 N. W. 409; *City of New York v. Matthews,* 180 N. Y. 41, 72 N. E. 629.)   Courts should take judicial notice of the corporate existence of national banks.   (*Yakima National Bank v. Knipe,* 6 Wash. 348, 33 Pac. 834; *McKiel v. Real Estate Bank,* 4 Ark. 592.)

G. W. Suppiger, for Respondent.

The general rule in civil actions by or against corporations is, that when it becomes necessary to establish corporate existence, the best evidence of the fact is the original articles or certificate of association or incorporation, or a duly authenticated copy thereof.   (3 Ency. of Evidence, 602.)

At the trial, the denial by defendant of the corporate existence of the plaintiff was considered by court and counsel for plaintiff as sufficient, and plaintiff attempted to prove such existence.   The court's attention was not called to the fact that such denial was on information and belief, and

appellant should not be allowed to raise such objection on appeal. (*Nobach v. Scott,* 20 Ida. 558.)

"If upon trial a question is asked, to which objection is made and sustained by the court, and the plaintiff does not prove or offer to prove the other facts necessary to entitle the plaintiff to recover, the ruling of the trial court is not prejudicial." (*Spongberg v. First Nat. Bank of Montpelier,* 15 Ida. 671, 99 Pac. 712.)

"And if such ruling was not prejudicial to the plaintiff the judgment should not be reversed." (Rev. Codes, sec. 4231; *Barns v. Pitts Agricultural Works,* 6 Ida. 259, 55 Pac. 237; *Smith v. Ellis,* 7 Ida. 196, 61 Pac. 695; *McCrea v. McGrew,* 9 Ida. 382, 75 Pac. 67; *Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158; *Rowley v. Stack-Gibbs Lumber Co.,* 19 Ida. 107, 112 Pac. 1041.)

"Where there is no evidence to establish the material issues of the complaint, the court on motion of the defendant ought to instruct the jury to return a verdict for the defendant." (*Haner v. Northern Pac. Ry. Co.,* 7 Ida. 305, 62 Pac. 1028; *Smalley v. Rio Grande Western Ry. Co.,* 34 Utah, 423, 98 Pac. 311.)

SULLIVAN, C. J.—This action was brought to enforce the payment of a promissory note alleged to have been executed by the defendant, who is respondent here, in favor of the Brenard Manufacturing Company for the sum of $587, payable in four instalments.

It is alleged in the complaint that said promissory note was transferred to the plaintiff by the Brenard Manufacturing Company before its maturity and for a valuable consideration. The complaint also alleges the corporate existence of the plaintiff as a national bank under the banking laws of the United States. The answer of the respondent denies the corporate existence of the appellant bank on information and belief; denies that it executed the promissory note sued on; denies that the plaintiff is the legal holder and owner of said note, and sets up as a separate defense matter that is not

important in the decision of this case, which separate defense was denied by the plaintiff.

The cause came on for trial before the court with a jury, and when the plaintiff undertook to prove its corporate existence as a national bank by the testimony of the cashier of such bank, objection was made by counsel for the respondent to such testimony on the ground that it was leading and suggestive and calling for the conclusion of the witness and was not the best evidence; and in ruling upon said objection the court said: "I will sustain the objection. You have to bring the articles here" [meaning the articles of incorporation]. Counsel for the plaintiff then proceeded to read further from the deposition of said cashier as follows: "State whether or not you are connected with the First National Bank of Iowa City, and if so, state in what capacity." Counsel for respondent thereupon objected to said interrogatory and the answer thereto as being incompetent, irrelevant and immaterial, since it had not been proved that there was such a corporation as the plaintiff. The court thereupon said: "This is not proof there is such an incorporation; they might as well quit, unless they prove the incorporation of that bank. You can read the answer to the question but there is no use to go further with this case unless you have the proof of this corporation." Appellant's counsel thereupon stated that they had no further proof that it was a corporation. The court thereupon said: "You ought to have articles of incorporation. They ought to have known enough to send them to you if the bank is an incorporation; you have to prove it, when they deny it, with the articles of incorporation; you can't prove it in any other way."

After further reading from the direct examination of said witness in said deposition, counsel for respondent thereupon inquired of counsel for appellant whether he was not going on to read the cross-examination of said cashier as contained in that deposition and counsel responded that the cross-examination was that of the defendant, and counsel for the defendant responded that he didn't want to take up any time in reading said cross-examination. The court thereupon stated as fol-

lows: "Nothing for me to do. You are taking up the time of the court, no question, they are taking up the time of the court, unless they can prove the incorporation, and they say they can't prove it; seems like folly to run longer here, but I have not got to the stopping point until they rest, and you make a motion." Thereupon some of the cross-examination of said witness was read from said deposition. Thereafter counsel for appellant stated: "In view of the fact that we have no proof of this being a corporation, it is useless to go on. No use to call an expert on handwriting, unless we can get them to agree to this incorporation." The court: "You will have to go on or rest, before I can do anything, and if they introduce no testimony, I can dispose of this case pretty quick. I can't ask them to admit it was a corporation; they can do as they please about it. Any further evidence on the part of the plaintiff?" Counsel replied that there was none and counsel for defendant announced that the defendant rested. The court thereupon said: "Prepare me a formal verdict in favor of the defendant. Mr. Headley, I will appoint you foreman of this jury. Gentlemen of the jury, these mistrials sometimes occur, as it has occurred in this case. It is not the fault of the attorneys. These people, when they were asking about the incorporation, ought to have sent them their articles, and it seems to me the banks ought to know enough to know they have to supply their attorneys with these things. In this case, gentlemen of the jury, the court instructs you that you should find for the defendant, the reason being that the plaintiff has not sustained its allegations of the complaint. Pass this to Mr. Headley and give him a pen and ink, and I will not send the jury out. The record will show exceptions."

Thereupon judgment was entered in favor of the defendant and motion for a new trial was denied. The appeal is from the judgment and the order denying a new trial.

Several errors are assigned, but in our view of the matter it will only be necessary for us to pass upon the one assignment, which is to the effect that the court erred in requiring the plaintiff to prove its existence by its articles of incorpora-

tion or by any other evidence, since the corporate existence of said national bank was denied only upon information and belief.

The corporate existence of a national bank is a matter of public record, and under a long line of decisions from this and other courts, a denial on information and belief of matters of public record is not a sufficient denial under our statute. (*Simpson v. Remington,* 6 Ida. 681, 59 Pac. 360; *Bennett Co. v. Twin Falls Land Co.,* 14 Ida. 5, 93 Pac. 789; *Work Bros. v. Kinney,* 7 Ida. 460, 63 Pac. 596; *Vadney v. State Board of Medical Examiners,* 19 Ida. 203, 112 Pac. 1046; *Northwestern Cordage Co. v. Galbraith,* 9 S. D. 634, 70 N. W. 1048; *City of New York v. Matthews,* 180 N. Y. 41, 72 N. E. 629.)

The court at almost the very outset of the trial stated that the corporate existence of the plaintiff must be proved by the articles of incorporation, and said: ''You can't prove it in any other way,'' and that they were taking up the time of the court unless they could prove the incorporation in that way. It was therefore useless for the respondent to proceed any further, since the court looked upon the question of the incorporation of said bank as a material issue in the case. That denial on information and belief was not sufficient to put in issue the corporate existence of said bank, and the court erred in so holding.

In *Yakima National Bank v. Knipe,* 6 Wash. 348, 33 Pac. 834, the court held that in an action by a national bank as plaintiff, it may prove that it is an incorporation *de facto* by parol evidence, that it is carrying on a general banking business as a national bank authorized by the general laws of the United States under the name under which it had sued, and the court will take judicial notice of the laws of the United States in regard to such banks.

It was held in *United States v. Williams,* 4 Biss. (U. S. Dist. Court of Ind.), 302, Fed. Cas. No. 16,706, that the various and numerous provisions of the act providing for the incorporation of banks indicate that they are to be regarded

as public institutions, the existence of which all of the departments of government must officially take notice.

The trial court clearly erred in holding that the existence of the plaintiff as a national bank was put in issue by a denial thereof on information and belief, and that the incorporation of such bank could be proved only by the articles of incorporation themselves, and in holding that there was no need to proceed any further with the case until the incorporation of the plaintiff was proved. Under the ruling of the court, it would have been of no use whatever for the plaintiff to introduce or offer to introduce any further evidence to prove the issues made by the pleadings.

Several other errors are assigned which it will not be necessary for us to pass upon in this opinion, since those questions will not arise on a retrial of the case.

The judgment must be reversed and a new trial granted and the cause remanded for further proceedings. Costs are awarded to the appellant.

Budge and Morgan JJ., concur.