(October 17, 1924.)

## CHRISTINA SNEDDON, Respondent, v. ROBERT A. BIRCH and OLIVE V. BIRCH, Appellants.

[230 Pac. 29.]

REAL ESTATE MORTGAGE—EXECUTION—ACKNOWLEDGMENT—EVIDENCE TO
OVERTHROW—PLEADING—DENIAL ON INFORMATION AND BELIEF.

1. In order to overthrow the acknowledgment of the execution of a mortgage of real property, properly sealed and certified by a duly authorized officer, the evidence that the party attacking such acknowledgment did not personally appear before the certifying officer must be clear and convincing.

2. The uncorroborated testimony of the mortgagor is not sufficient to overcome the certificate of acknowledgment, regular on its face.

3. A denial on information and belief of matters of public record, easily accessible to a party, is not permitted.

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. O. R. Baum, Judge.

Action to foreclose a real estate mortgage. Judgment for plaintiff. *Affirmed.*

John A. Bagley, for Appellants.

The defendants were and are husband and wife; the property described in the alleged mortgage was community property. The wife, Olive V. Birch, never appeared before the notary public or acknowledged the mortgage. The mortgage is therefore void. (C. S., sec. 4666; *Wits-Keets-Poo v. Rowton,* 28 Ida. 193, 152 Pac. 1064; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; *Kohny v. Dunbar,* 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107; *Hughes v. Latour Creek R. R. Co.,* 30 Ida. 475, 166 Pac. 219; *Myers v.*

Publisher's Note.

1. Evidence requisite to impeachment of certificate of acknowledgment, see notes in 1 **Am. Dec.** 81; 54 **Am. St.** 150; 7 **Ann. Cas.** 249; **Ann. Cas.** 1917A, 368.

*Eby,* 33 Ida. 266, 12 A. L. R. 535, 193 Pac. 77; *Knudsen v. Lythman,* 33 Ida. 794, 200 Pac. 130; *Childs v. Reed,* 34 Ida. 450, 202 Pac. 685.)

*Geraint Humpherys,* for Respondent.

The trial court did not err in finding that the mortgage was executed and acknowledged by the appellants. (*Gray v. Law,* 6 Ida. 559, 96 Am. St. 280, 57 Pac. 435; *Bruce v. Frame, ante,* p. 29, 225 Pac. 1024; C. S., sec. 5393; *Morris v. Covey,* 104 Ark. 226, 148 S. W. 257; 1 R. C. L., p. 294, sec. 81; *Ward v. Baker* (Tex. Civ.), 135 S. W. 620; *Donohue v. Vesper,* 243 U. S. 59, 37 Sup. Ct. 350, 61 L. ed. 592; *Kelly v. Kelly,* 189 N. Y. Supp. 804; *Langenbeck v. Louis,* 140 Cal. 406, 73 Pac. 1086; *Adams v. Smith,* 11 Wyo. 200, 70 Pac. 1043; 1 R. C. L. 298; *Chaffee v. Hawkins,* 89 Wash. 130, 154 Pac. 143, 157 Pac. 35.)

The trial court did not err in finding that the note and mortgage in question were delivered by defendants and the evidence is sufficient to support the findings. (Abbotts' Proof of Facts, 4th ed., pp. 482, 483; *Deeter v. Burk,* 59 Ind. App. 449, 107 N. E. 304; *Brock v. Stines,* 258 Ill. 346.)

DUNN, J.—This is an action to foreclose a mortgage given to secure the payment of a note in the sum of $650. The complaint alleged that the note and mortgage were executed and delivered by appellants to Thomas Sneddon; that the mortgage was duly acknowledged and afterward recorded; that thereafter Thomas Sneddon died; that his estate was duly probated and that the note and mortgage in controversy were decreed to Christina Sneddon, respondent herein.

The appellant, R. A. Birch, filed his separate answer in which he admitted that he signed the note and mortgage, but denied upon information and belief that the estate of Thomas Sneddon was probated and denied that respondent was the owner and holder of the note and mortgage sued on.

The appellant, Olive V. Birch, filed her separate answer admitting that she signed the note and denying that she executed or delivered the mortgage to Thomas Sneddon, and further denied that she had acknowledged the mortgage. She admitted the death of Thomas Sneddon, but denied upon information and belief that his estate was probated or that respondent was the owner of said note and mortgage.

The case was tried by the court without a jury. The court found in favor of respondent and entered judgment accordingly. This appeal is from the judgment.

Appellants rely upon the contention that Olive V. Birch did not acknowledge the execution of the mortgage, that she did not deliver the note and mortgage to Thomas Sneddon and that Christina Sneddon was not the owner of the note and mortgage.

Thomas Sneddon's estate was probated in Bear Lake County, where this action was brought and tried. The allegation of the complaint that the note and mortgage were decreed by the probate court to Christina Sneddon was denied on information and belief, which was no denial in law. The allegation was therefore admitted. A denial on information and belief of matters of public record, easily accessible to a party, is not permitted. (*First Nat. Bank v. Callahan,* 28 Ida. 627, 155 Pac. 673; *First Nat. Bank v. Walker,* 27 Ida. 199, 148 Pac. 46; *Vadney v. State Board of Medical Examiners,* 19 Ida. 203, 112 Pac. 1046; *Bennett Co. v. Twin Falls L. & W. Co.,* 14 Ida. 5, 93 Pac. 789; *Work Bros. v. Kinney,* 7 Ida. 460, 63 Pac. 596; *Simpson v. Remington,* 6 Ida. 681, 59 Pac. 360.)

It is immaterial that Olive Birch did not personally· deliver the note and mortgage. It is evident that they were delivered, and there is no pretense that her husband did not deliver them.

Against the claim of Mrs. Birch that she did not acknowledge the execution of the mortgage, supported by the statement of her husband that she did not acknowledge it on the date given in the certificate, we have the notary's certificate supported by his positive testimony that Mrs. Birch did

personally appear before him and acknowledge the execution of the mortgage. The trial court, with the witnesses before it, was the proper tribunal to pass upon their credibility. It found that Mrs. Birch did appear in person before the notary public and acknowledge the execution of the instrument in question, and its decision is sustained by abundant evidence.

There was no contention by respondent that the mortgaged property was not community property, nor that it was unnecessary for the wife to acknowledge the mortgage. The question was simply whether she did acknowledge it.

The mortgage here bears a regular certificate of acknowledgment duly signed and sealed by a notary. To successfully attack the validity of such a certificate on the ground that it is false, the proof of the falsity must be clear and convincing. (*Christensen v. Hollingsworth*, 6 Ida. 87, 94, 96 Am. St. 256, 53 Pac. 211, 271; *Gray v. Law*, 6 Ida. 559, 96 Am. St. 280, 57 Pac. 435; *Bruce v. Frame, ante*, p. 29, 225 Pac. 1024.) In the latter case this court said: ''The uncorroborated testimony of the mortgagor is not sufficient to overcome the certificate of acknowledgment, regular on its face.''

Judgment affirmed, with costs to respondent.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.