(No. 5637. July 8, 1931.)

JOSHUA PETERSEN, Respondent, v. CHARLES H. SWANSON, Appellant.

[1 Pac. (2d) 630.]

Frank Langley and Walter H. Hanson, for Appellant.

Ezra R. Whitla, for Respondent.

BUDGE, J.—In his complaint against appellant, respondent alleged that he was a duly licensed realtor (real estate broker) engaged in the occupation of selling real property for others on commission, in the city of Coeur d'Alene; that while he was such duly licensed realtor, and on April 27, 1927, appellant, who was the owner of an apartment building in Coeur d'Alene, made and entered into a written contract with respondent authorizing the latter to sell said property for $32,500, subject to an incumbrance of $16,000, and authorizing a trade for tracts of land up to $5,000; that thereafter and while said contract was in full force and effect respondent found a party, to wit, James R. Delp, who owned certain other property and who was ready, willing and able to make an exchange of his property or purchase the property of appellant by substantially the terms suggested by appellant; that appellant notified respondent that one Emil Rodell was his agent and attorney in fact for the purpose of handling said matter, and authorized respondent to complete said matter through Rodell;

that thereafter respondent brought Rodell and Delp together and entered into negotiations for the sale of appellant's property to Delp and the acceptance by appellant, as a part of the purchase price, of certain property owned by Delp; that thereafter Rodell and appellant, for the purpose of defrauding respondent of the commission due him, entered into a conspiracy to prevent respondent from completing the deal and pretended to complete it themselves, after respondent had instituted the negotiations in regard thereto; and thereafter Rodell and appellant, acting jointly, did complete the transaction and sell appellant's property to Delp on substantially the terms at which respondent had been authorized to sell the same, for the purpose of cheating and defrauding respondent of his commission.

Appellant's answer to the complaint put in issue most of the material allegations of the complaint. Upon trial of the cause by the court and jury a verdict was returned for respondent. From the judgment entered on the verdict appellant has prosecuted an appeal to this court.

The written contract between appellant and respondent, dated April 27, 1927, authorized respondent to sell appellant's property for $32,500 (which included an incumbrance of $16,000) and to accept as part payment an acre tract "up to $5,000." The contract further provided:

"Upon securing a purchaser ready, able and willing to buy said property in accordance herewith, or upon your effecting any exchange in whole or in part which I may hereafter accept, I (appellant) agree to pay you (respondent) a commission according to the official rates of the Coeur d'Alene Realty Board above set forth, or in case of an exchange a commission of $———.

"In the event said property is otherwise sold or disposed of during the life of this contract, or in case I shall at any time hereafter sell said property to any customer introduced by you within the period of time in this contract specified, I agree to pay you a commission on the above list price herein at said rate",

the contract further specifying the rate of commission to be paid thereunder.

During the latter part of 1927, Rodell inspected Delp's land, in company with respondent. Rodell stated to Delp that he was acting for appellant. A letter written to respondent, dated January 12, 1928, signed "Chas. H. Swanson" (appellant) stated that appellant might trade with the land Rodell mentioned that respondent had "if the party could get it clear. I'm planning on a trip down the latter part of this month so get busy and work up something by that time. You know just about what I want and what I should realize out of the Antler Block." Then, Rodell, purporting to act for appellant, made a written agreement with respondent whereby Rodell was to give respondent a warranty deed to appellant's property in return for a mortgage held by respondent on other real estate, provided the "mortgage and land shows up as represented." Rodell and respondent inspected this property but the trade was not consummated.

Rodell frequently came to respondent's office to ascertain if respondent was "busy on the deal." Also, according to respondent's testimony, Rodell stated to him that he should have $200 as pay for what he had done in working up the transaction.

Appellant testified that the first part of April, 1928, he went to respondent's office and told him he was going to withdraw the listing, and that respondent agreed to this. Respondent, in rebuttal, denied that any such conversation took place or that appellant ever asked him to cancel the contract. The first part of May, Rodell took appellant to Delp's place and, as stated by appellant, "we started talking about a trade and we came to an agreement right there."

There is in evidence the undisputed fact of the contract entered into between appellant and respondent by which appellant agreed to compensate respondent upon his securing a purchaser for the property or upon effecting any exchange. There is a conflict in the evidence as to whether

the contract was canceled before the consummation of the deal between appellant and Delp, who was first introduced into the transaction by respondent. On this conflicting evidence the jury found by its verdict in favor of respondent that the contract was not canceled. This court is bound by that finding. The terms of the contract are sufficiently broad to justify respondent's claim to compensation on the basis of the arrangement completed—that is, an exchange of the properties. The rule applicable to these facts is stated in 9 C. J., p. 619, sec. 99, and is well supported by decisions:

"After a broker has found a customer and commenced negotiations, neither the principal nor the customer can break them off and defeat the broker's right to a commission by concluding the transaction without his aid. Nor can a principal reject an offer made by a person found by a broker and then without the broker's intervention sell to the same person and thus defeat the broker's right to a commission. A broker is entitled to a commission for effecting a sale, although he takes no part in the negotiations, where the sale is effected as the result of his introducing the customer and the principal or of his putting them into communication; the principal cannot defeat the right to compensation by closing the transaction directly with the customer without the broker's further aid."

See, also, *Church v. Dunham*, 14 Ida. 776, 96 Pac. 203; *Wood v. Broderson*, 12 Ida. 190, 85 Pac. 490; *Tonkin-Clark Realty Co. v. Hedges*, 24 Ida. 304, 133 Pac. 669; *Martin v. Wilson*, 24 Ida. 353, 360, 134 Pac. 532; note, Ann. Cas. 1913D, 822–824.

Complaint is not well taken of the introduction of oral evidence as to respondent being a licensed real estate broker. The questions eliciting this information were not objected to. The best evidence rule does not apply for the reason that it was not necessary, and no attempt was made, to establish the contents of a writing by which respondent might have been shown to be a licensed real estate broker.

Licenses of real estate brokers are matters of public record in the office of the state commissioner of law enforcement, made by law the real estate commissioner. (Sess. Laws 1921, chap. 184, p. 378 et seq.) The denial of the allegation that respondent was a licensed realtor was upon information and belief. Such a denial of matters of public record, easily accessible to a party, is not permitted, and the allegation was therefore admitted. (*Sneddon v. Birch,* 39 Ida. 720, 230 Pac. 29.)

■ We are not in accord with appellant's contention that no verdict could possibly have been returned against him without the benefit of oral testimony concerning Rodell's authority as appellant's agent. The written contract between respondent and appellant, signed by the latter, and the evidence relating to his actions in the matter throughout are sufficient to charge him with liability for the payment of respondent's claim. The claim of exemption as appears from affidavit was not sufficient under C. S., sec. 6920, subd. 7. (See, also, *Blass v. Erber,* 65 Ark. 112, 67 Am. St. 907, 44 S. W. 1128.) Thus on the merits of the controversy, and disregarding alleged errors in the proceedings not affecting appellant's substantial rights, the judgment must be affirmed (C. S., secs. 9084, 9191), and it is so ordered; costs to respondent.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.